This case is United States of America v. Ion Vrancia. We'll hear from an appellant. Your Honor, I'm here, Alan Seidler, for Mr. Vrancia. You may begin. Thank you, Your Honor. I have argued that the sentence of 15 years was unreasonable because of many misstatements of fact in sentencing the appellant. But, in fact, he received two mandatory minimum sentences of five years and a second of 10 for a total of 15 years. So, I do not intend on arguing the unreasonableness issue unless the court requests me to do so, because I think the key then becomes whether or not the district court could apply the two mandatory minimum terms to total the 15 years. He received the minimum if the two mandatory minimums are proper. And on the first appeal, this issue was reserved until or such time as resentencing could take place. But I think that as to the jurisprudence on double jeopardy, there seem to be two themes that run through all of the somewhat contradictory cases. One is that the issue is complicated and unclear. And the second is that Congress generally does not want to punish twice a person for committing one criminal set of facts. But isn't the test whether the two offenses require proof of different elements from each other? Well, that's the Blockburger holding. But I would submit that the Blockburger holding has not been followed in many, many cases, including the 1985 case of Ball v. United States, which was also a Supreme Court case. Now, the case of Grady v. Corbin, a Supreme Court case, seemed to get away from the Blockburger test. But in United States v. Dixon, as the government points out, the Supreme Court overruled Grady v. Corbin, which really applied more of a conduct test. But the Supreme Court did not overrule Ball v. United States, where there were two counts charging a weapon offense under two different theories. One was for receipt of the weapon, and the other was for possession of the weapon. So there you had a single act, single criminal conduct, as in the case of Verancia. And in that case, the court ruled that you can't be punished twice for committing the same criminal act. Verancia lit one fire. He did so to destroy electronic equipment under the government's theory. That was count four. But the intent was to destroy the electronic equipment, which was the instrument of his crime. And that obstruction by use of arson was charged in count three, and he got 10 years. I would also indicate that— If we were to decide that it's the Blockburger test that controls here, you don't argue that that test is satisfied, right? Well, yes, I would argue that Verancia has not overcome the Blockburger test. But I would also indicate, though, that he has met the test under Ball, which is a 1985 case. And this circuit, as well, in 1995, which is post-Blockburger, in the case of USA v. Holmes, really went back to the conduct test. And there the circuit held that when somebody was charged with money laundering and structuring of transactions, the conduct was the same, and therefore he couldn't be twice punished. And the court also held in United States v. V, which was a 1999 case, also went really back to the Ball test and the Holmes test, and held that a person can't be twice punished. And then you have, in other circuits, as well, you have the Faulkner case in 2015 and the Doyle case in 1997, which are both post-Blockburger tests, and those are Seventh Circuit cases, which apply a conduct test. You have a Fifth Circuit case in 1997 of Corona, which applies a conduct test. And I would also indicate that when the conduct test was overruled in Dixon by the Supreme Court in 1993, that was really an odd case. There was a criminal contempt conviction, and then there was an indictment and a charge for the same type of conduct in most instances. And there the court found that most of the counts met the Blockburger test, but one count did not meet the Blockburger test. And it was really kind of a hodgepodge of a decision. There were a lot of—I think there were three or four different majority decisions to overrule Grady v. Corbin. But, you know, I go through this, and, frankly, it gives me a headache. I don't know what—you know, I agree, it's complicated and it's unclear, and I don't know what the defining test is, other than the fact that Vrancha committed really one criminal act. He set fire in the bathroom, assuming the government's evidence. He set fire in the bathroom trying to destroy electronic equipment that was evidence of his trying to steal money through ATM machines. And for that, for that one act, he's then hit with two mandatory minimums, five years and ten years. And it seems to me that if usually the Congress does not intend to punish a person twice for doing one thing, then I would urge this court to follow the Holmes decision of 1995 and Zvi and all the others and rule that by committing the single act, he shouldn't be punished twice. I don't pretend to know whether the ten-year count or the five-year count would control. I would urge the five-year count, but I would have a feeling that it probably wouldn't be the case. Thank you. Thank you, counsel. We'll hear from the government. Please, the court. I am Special Assistant United States Attorney Tarsha Philbert. I represent the government on appeal. The block, as Your Honor pointed out, the Blockberger test is the test that applies here. And also, as the court has already pointed out, the question is whether each count requires proof of an element that the other does not. And here, that was the case. Count three, even if you look at the offense conduct, we still find that the offenses themselves were separate and distinct. How do you respond to Mr. Seidler's comments that he did one thing? He set fire to the skimming device in the bathtub. That wasn't the only thing that he did. Well, elaborate. In count four, he was charged with setting fire to the property, to the building itself. And that count was different than count three, which was setting fire for the purpose of destructing the evidence, which was the skimming evidence. And so, again, even if the court were to apply the conduct rule versus the element, which is the proper test under Blockberger, the court could still find that under counts three and four, the conduct was separate and distinct. Is there any argument for the conduct test after the Supreme Court's decision in Dixon? There is no argument, because Dixon made it clear that the question is whether each count requires an element, a proof of an element, that the other does not. And so the question for the court here really is whether counts three and counts four require proof of elements that the other does not, and that is absolutely the case here. Unless there are further questions, the government rests on its submissions and submits that the district court's judgment should be affirmed. Thank you. Mr. Seidle, you reserve one minute for rebuttal. Count four was charged with using fire to damage property. There was not one. At no time in the case was there any indication. Was there any proof? Was there any theory of prosecution that Varance's intent was to destroy the building? It was always to destroy the electronic equipment in his apartment. As a matter of fact, after he set the fire, he and his girlfriend stayed in the apartment and didn't even try to escape. So unless the government is arguing now that the fire was set to destroy the building and they were in a suicide pact of some kind by remaining in the apartment, I would maintain that the only evidence in the case was the fire was set to destroy the electronic equipment. The FBI was knocking on the door. The evidence of the crime was the electronic equipment. The fire was set, and Varance and his girlfriend were subsequently arrested. And as I said, and I don't mean to be repetitive, but if the Blockburger test is the only test and the conduct shouldn't be considered, that really doesn't explain all the host of decisions post-Blockburger, which really apply the conduct test when a person commits a single act, which results in technically two offenses having been committed. Thank you, Your Honor. Thank you. We'll reserve decisions and we'll adjourn this hearing for a short time. Thank you. Court is adjourned.